UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN HUNTER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 1:22-cv-02549 (UNA) |
| ) | |
| STATE OF NORTH CAROLINA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

This matter is before the court on its initial review of petitioner's application for leave to proceed *in forma pauperis* ("IFP"), his *pro se* petition, ECF No. 1, for post-conviction relief. For the reasons explained below, the IFP application will be granted, and this matter will be dismissed without prejudice.

Petitioner is a state prisoner in the custody of the North Carolina Department of Public Safety. He sues the State of North Carolina. His petition, ECF No. 1, seeks relief pursuant to the All Writs Act, and he also demands mandamus relief. Petitioner alleges that he has already served his full sentence arising from a criminal conviction against him in Pitt County, North Carolina, and therefore, he demands his immediate release. He also seemingly challenges the constitutionality of a conviction and sentence in North Carolina state court, though it is unclear if it is the same conviction and sentence as the one initially referenced.

First, petition fails to explain how the All Writs Act applies to his claims, if at all. Second, petitioner is not entitled to mandamus relief. A writ of mandamus "compel[s] an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "[M]andamus is 'drastic'; it is available only in 'extraordinary situations.'" *In re*

*Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (citations omitted). Only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff," *Thomas v. Holder*, 750 F.3d 899, 903 (D.C. Cir. 2014), is mandamus relief granted. Petitioner does not address any of these elements, and moreover, he has not sued or raised allegations against any officer or agency of the United States. Also, he has alternative and adequate remedies, namely, federal review of his North Carolina convictions and sentences under 28 U.S.C. § 2254. Indeed, the petition reads as one for habeas relief, and a court must address a pleading according to its content, rather than its label. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Third, to the extent that petitioner alleges that he has overserved his sentence, he may seek relief pursuant to 28 U.S.C. § 2241. Under that statute, "[a] district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004); *see also Day v. Trump*, 860 F.3d 686, 691 (D.C. Cir. 2017) (affirming dismissal for want of jurisdiction where the District of Columbia was not "the district of residence of [petitioner's] immediate custodian for purposes of § 2241 habeas relief"). Petitioner is incarcerated in North Carolina, therefore, this court lacks jurisdiction over any § 2241 claims.

Finally, federal court review of state convictions is available under 28 U.S.C. § 2254 only after the exhaustion of available state remedies. 28 U.S.C. § 2254(b)(1). Thereafter, "an application for a writ of habeas corpus [ ] made by a person in custody under the judgment and sentence of a State court . . . may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced [petitioner] and each of such district courts shall have concurrent

jurisdiction to entertain the application." 28 U.S.C. § 2241(d). Here, the conviction(s) and sentence(s) challenged were rendered in North Carolina. Therefore, this court also lacks jurisdiction over any such claims.

For all of these reasons, this action will be dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date:   October 31, 2022                     _____ s/s_____
                                             COLLEEN KOLLAR-KOTELLY
                                             United States District Judge